HENRY SCHWANER, Collector, to use of Road District Number 3, Appellant, v. AMP HAYES, Respondent.

**Springfield Court of Appeals, February 7, 1910.**

**POLL TAXES: Right of Taxpayer to Pay in Work.** When there is no order of the county court requiring that all poll taxes shall be paid in money, and the taxpayer elects to pay in labor, which the statute gives him a right to do, and so notifies the road commissioner or his representative, but he is never "warned out" or notified, or given an opportunity to pay his poll tax in labor; there can be no recovery of money for said poll tax.

Appeal from Butler Circuit Court.—*Hon. J. C. Sheppard,* Judge.

AFFIRMED.

*Ernest A. Green* for appellant.

(1) The court erred in holding that the poll tax in question was payable either in labor or money. Under the law and the order of the county court, it was payable only in money. Session Acts 1901, 235. (2) The court erred in admitting testimony on part of the defendant that he had not been warned out to work the roads; no warning being necessary under the law existing at the time of the levy of the tax. R. S. 1899, secs. 9436-9441; Session Acts 1901, 234; 1903, 273; R. S. 1899, sec. 9634.

*Whaley & Puckett* for respondent.

There are no decisions to cite, for there never was another case like this, and the only authority anywhere is the statute under which it was tried, viz.: Session Acts 1901, 234. We are forced to confess that counsel for appellant adopted a line of what he denominates

argument that we have never been called upon to answer. He contends that we did not do the things that the undisputed evidence shows we did do, and that the county court did the very thing its own records show it did not do; that the law does not mean what it says and that the undisputed facts are not the facts. If he could convince us that in this argument he takes himself seriously, we would certainly refuse to travel to Springfield with him alone.

NIXON, P. J.—This was an action to recover a poll tax delinquent for the year 1907. The Butler county court for that year levied a poll tax of four dollars against the respondent, which, the evidence shows, he elected to pay in labor and so notified one Cleveland, the road commissioner of the district in which he lived and asked for tools with which to work' on the roads which were denied.

All there is in this case, as shown by the testimony, is that several of the farmers of the road district had been paying their poll tax in money for many years and there was no work done on the roads. In the year 1907, they resolved to pay their poll tax in labor in order that the roads might get the benefit of a much-needed improvement. They accordingly sent two of their number to the road commissioner and notified him that they desired the privilege of working out their poll tax and asked the privilege of getting the road tools. Respondent testified that he went to Cleveland, the man who was boss and overseer of the tools, and told him he was ready to and wanted to work out his poll tax. The only testimony in reply to this offered by the appellant was that of Cleveland, the commissioner, who, when asked if respondent applied to him to be allowed to work out his poll tax, took refuge under the very convenient and conventional subterfuge, "I don't remember."

This case was first tried before a justice of the

peace with a jury which found for the respondent. An appeal was taken to the circuit court of Butler county where another jury decided in favor of the respondent. The case was then appealed to the St. Louis Court of Appeals from which it has been transferred to this court.

The law governing the question under review is found in the Session Laws of 1901, pages 234 and 235. Section 9441 provides as follows: "Any taxpayer may pay the board the amount of poll tax due for the current year in money or labor, and if in labor it shall be performed when required by the commissioners, or their chosen representatives, . .. . Provided, further, that the county court of any county may, in their discretion, by order of record require that all poll taxes shall be paid in money."

There is no evidence in this case that the poll tax of respondent was required by an order of record to be paid in money. The testimony abundantly shows that the commissioner or his representative was duly notified that the respondent had elected to pay his poll tax in labor, as the statute gave him a right to do, by working it out on the roads. The tenor of the statute is so manifest that there can be no misunderstanding of its import; and it became the duty of the commissioner upon receiving such notice to fix the time when he would require the work to be done and to notify the respondent, or "warn him out," as it is usually expressed. Neither of these things were done and no opportunity such as the law requires was afforded the respondent to pay his poll tax in labor upon the roads. It is unaccountable that so much effort should have been made in this case to avoid the law and deny the respondent a statutory right so plainly written that a wayfaring man cannot misunderstand its language.

The judgment of the trial court is affirmed. All concur.